IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 99-20524

Summary Calendar

GRAYLING LAMAR SMITH,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas

July 12, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:

Grayling Lamar Smith appeals the district court's dismissal of his petition for habeas relief. For the following reasons, we AFFIRM.

I

A jury found Grayling Lamar Smith guilty of possession with intent to deliver a controlled substance, and he was sentenced to 99 years' imprisonment. The Texas Court of Appeals affirmed the conviction and sentence.

Smith filed a state habeas petition in which he alleged that his appellate counsel was ineffective for failing to advise him that his direct appeal had been affirmed, which prevented him from filing a timely petition for discretionary review (PDR). The Texas

Court of Criminal Appeals granted the petition on that claim and granted Smith leave to file an out-of-time PDR, but then refused review.

Smith filed a second state habeas petition, in which he argued that his trial attorney was ineffective for failing to inform him of the State's plea offer of twenty-five years' imprisonment. The state trial court rejected Smith's petition on the merits, but the Texas Court of Criminal Appeals dismissed the petition as successive pursuant to article 11.07 § 4 of the Texas Criminal Procedure Code. Smith then filed a third state habeas petition, which was similarly dismissed.

Smith then filed the instant federal habeas petition in which he alleged that (1) the evidence was insufficient; (2) his counsel was ineffective for failing to advise him of a plea offer from the State, for failing "to advance material witnesses" who were not present for trial, and for failing to object to the improperly pleaded enhancement paragraph; and (3) the state trial court had erred when it failed to suppress evidence seized by the arresting officer. Smith also argued that his petition was timely filed because the limitations period was tolled while the second and third state habeas petitions were pending.

Respondent filed a motion to dismiss the petition as time-barred, expressly reserving its right to address exhaustion. Smith opposed the Respondent's motion. The district court granted Respondent's motion and dismissed the petition as time-barred. Alternatively, the court determined that Smith's petition failed on the merits. The district court denied Smith a certificate of appealability (COA) to appeal.

In his COA application to this court, Smith made a credible showing that the district court had erred in applying the limitations bar. A COA then issued as to whether this court may sua sponte apply the procedural bar and, if so, whether Smith is procedurally barred from raising his claim that his trial counsel failed to convey a plea offer to him; alternatively, if the procedural bar is not applied, whether the district court erred in ruling on disputed factual issues relating to whether Smith's trial counsel conveyed a plea offer to Smith on the basis of the state habeas trial court's findings given that the Texas Court of Criminal Appeals had dismissed the petition as successive.

## II

As a threshold matter, we find that Smith's notice of appeal was timely filed. The district court's judgment was entered on April 23, 1999. Smith therefore had until Monday, May 24, 1999, to file a timely notice of appeal. See Fed. R. App. P. 4(a)(1)(A). Smith's notice of appeal, filed on May 26, 1999, and only two business days late, is deemed timely filed because Smith is a pro se prisoner. See United States v. Young, 966 F.2d 164, 165 (5th Cir. 1992).

Although Smith's appeal was timely, we find that his initial request for habeas relief is procedurally barred. Smith's claim that his trial counsel was ineffective for failing to inform him of the State's plea offer was first raised in Smith's second state habeas application. As noted, the Texas Court of Criminal Appeals dismissed the petition pursuant to article 11.07 § 4 of the Texas Criminal Procedure Code. That provision states that a court may not consider the merits of a subsequent application for habeas

3

relief after final disposition of an initial application challenging the same conviction. See Tex. Crim. P. Code Ann. art. 11.07 § 4.

Smith argues that the Texas Court of Criminal Appeals incorrectly dismissed his second habeas application as "successive" because his first habeas application did not actually challenge his conviction but only challenged the adequacy of Smith's counsel post-conviction. Nevertheless, "[a] basic tenet of federal habeas review is that a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground," Barnes v. Thompson, 58 F.3d 971 (4th Cir. 1995), and this court has held that article 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and that it has been strictly and regularly applied since 1994. See Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995).

In these circumstances, federal courts ordinarily will not review questions of federal law because of the adequate and independent state ground. See Coleman v. Thompson, 501 U.S. 722, 729 (1991). In this case, the procedural bar was not raised in the district court. However, in Fisher v. State of Texas, 169 F.3d 295, 300-02 (5th Cir. 1999), this court expressly left open the possibility that this court may, in the appropriate circumstances, apply the procedural bar sua sponte when the state has waived the defense in the district court. The relevant concerns are whether the petitioner has been given notice that procedural default will be an issue for consideration, whether the petitioner has had a reasonable opportunity to argue against the application of the bar,

4

and whether the State intentionally waived the defense.  Id. at 301-02.

The record does not suggest that the Respondent intentionally waived the defense, and the Respondent in fact relied upon the general rule that a procedural default in state court bars federal habeas review in arguing that Smith's second habeas petition was not properly filed and, thus, did not toll the limitations period. Perhaps more importantly, by receiving a COA on the procedural bar issue, Smith received notice that procedural default would be an issue for consideration and an opportunity to argue against its application.  In his appellate brief, Smith offers no argument why this court should not apply the procedural bar.  He argues only that the Texas Court of Criminal Appeals should not have dismissed his second petition because it was not "successive."

Given that Smith has been given notice and an opportunity to respond to the procedural bar and that the State did not intentionally waive the bar, we deem it appropriate for this court to apply the procedural bar.  See Washington v. James, 996 F.2d 1442, 1451 (2d Cir.1993) (stating that a court of appeals may raise the procedural bar sua sponte despite the fact that the issue was not addressed in the district court); cf. Blankenship v. Johnson, 118 F.3d 312, 316 (5th Cir. 1997) (stating that a court of appeals has discretion to apply Teague despite state waiver); Graham v. Johnson, 94 F.3d 958, 970 (5th Cir. 1996) (stating that a court of appeals has discretion to require exhaustion of state court remedies despite state waiver).

Smith may overcome the state procedural bar only "by demonstrating (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or

5

(2) that failure to consider his claims will result in a fundamental miscarriage of justice." <u>Pitts v. Anderson</u>, 122 F.3d 275, 279 (5th Cir. 1997). "[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence, where the petitioner shows, as a factual matter, that he did not commit the crime of conviction." <u>Fairman v. Anderson</u>, 188 F.3d 635, 644 (5th Cir. 1999)(internal quotations and citations omitted).

Smith has not shown cause for failing to raise this claim in his first state habeas petition, and he has not shown that he is factually innocent. A narcotics officer suspected that Smith was a drug courier based upon Smith's actions and demeanor while Smith waited for a bus at a bus station. A narcotics detection dog alerted to the presence of narcotics in a shoulder bag carried by Smith, Smith consented to a search of the bag, and officers found drugs in the bag. Because Smith has not shown cause for his procedural default or that he is actually innocent, Smith cannot avoid the procedural bar.

AFFIRMED.