**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-20191**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**


**VERSUS**


**JOSEPH JEROME WILLIS,**

**Defendant-Appellant.**



_____

Appeal from the United States District Court
For the Southern District of Texas
_____

November 12, 2001

Before JONES and DeMOSS, Circuit Judges, and LIMBAUGH,[1] District
Judge.

DeMOSS, Circuit Judge:

Federal prisoner Joseph Jerome Willis brought the instant 28
U.S.C. § 2255 motion *pro se,* contending that: (1) his § 924(c)
firearm conviction was invalid; (2) the jury instructions on the
§ 924(c) count were erroneous; (3) Willis' trial attorney performed
ineffectively in numerous instances; and (4) his appellate counsel

---

[1]     District Judge of the Eastern District of Missouri,
sitting by designation.

1

also performed ineffectively by failing to raise several claims on appeal. A magistrate judge issued a report recommending that Willis' § 2255 motion be denied, and the district judge adopted the magistrate judge's recommendation. Willis now appeals the denial of his § 2255 motion.

## BACKGROUND

After a 1992 trial, Joseph Jerome Willis was convicted by a jury of the following offenses: being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g); possession of more than 5 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and using or carrying a firearm during a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Willis raised four issues on direct appeal regarding: (1) the admissibility of his prior drug convictions pursuant to Fed. R. Evid. 404(b); (2) the denial of his motion for a mistrial based on an unresponsive answer; (3) prosecutorial misconduct during closing argument; and (4) the sufficiency of the evidence supporting his § 924(c) firearm conviction. *United States v. Willis*, 6 F.3d 257, 259 (5th Cir. 1993). This Court affirmed the conviction. *Id.* at 265.

Willis then filed the instant 28 U.S.C. § 2255 motion *pro se* contending that: (1) his § 924(c) firearm conviction was invalid; (2) the jury instructions on the § 924(c) count were erroneous; (3) Willis' trial attorney performed ineffectively in numerous

2

instances;[2] and (4) his appellate counsel also performed ineffectively by failing to raise several claims on appeal. The government filed an answer arguing that all of the claims were meritless.

The magistrate judge issued a report recommending that the § 2255 motion be denied. As to Willis' claim that he was denied his constitutional right to testify on his own behalf, the magistrate concluded that there was no evidence in the record to support the claim. Additionally, the magistrate judge found that the claim was procedurally barred because Willis had not raised the claim on direct appeal and had not met the "cause and prejudice" test to excuse such failure. As to Willis' ineffective assistance of counsel claim, the magistrate judge concluded that the defense counsel's decision not to call Willis to testify was a reasoned trial strategy because Willis had two prior drug-trafficking convictions about which the government could have cross-examined him.

After Willis filed objections, the district court adopted the magistrate judge's recommendation and dismissed Willis' § 2255 motion, to which Willis filed for a certificate of appealability ("COA"). In its final judgment, the district court denied Willis

---

[2]    In connection with this claim, Willis asserts that his counsel had performed ineffectively because he failed to allow Willis to testify on his own behalf, and that the trial court had erred by failing to question him *sua sponte* about whether he was voluntarily waiving his right to testify.

3

a COA, and Willis then filed a motion with this court for a COA. This Court granted Willis a COA "as to his claim that he was denied his right to testify on his own behalf at trial" and directed the parties to brief this issue and to address the degree of substantiation that is required to trigger an evidentiary hearing on a 28 U.S.C. § 2255 right-to-testify claim. The court denied COA as to the other two claims made on appeal and declared that all other claims had been abandoned.

## DISCUSSION

Standard of review

We review the district court's findings of fact in a § 2255 proceeding for clear error. *United States v. Mimms*, 43 F.3d 217, 220 (5th Cir. 1995). Questions of law are reviewed *de novo*. *United States v. Gipson*, 985 F.2d 212, 214 (5th Cir. 1993).

The alleged denial of Willis' right to testify

It is undisputed that Willis did not raise, at trial or on direct appeal, the allegation that he was denied his right to testify on his own behalf. This issue is therefore being raised for the first time in the present § 2255 motion. Usually, after a conviction and exhaustion or waiver of any right to appeal, this Court is entitled to presume that the defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge a final conviction, but only on

4

issues of constitutional or jurisdictional magnitude. *Shaid*, 937 F.2d at 232 (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). The Supreme Court has stated that, in a § 2255 proceeding, "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *Frady*, 456 U.S. at 167-68; *see also United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000) ("A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result."). Willis never raised the denial of right to testify issue on direct appeal and so it would appear that he is procedurally barred from raising it now.

However, the government never attempted to invoke the procedural bar until the present appeal.[3] This Court has stated that in order to raise the procedural bar at the appellate level, the government must attempt to invoke it in the district court first. *Kallestad*, 236 F.3d at 227; *United States v. Drobny*, 955

---

[3] In the government's defense, it was not entirely clear from Willis' pleadings that he was raising a separate constitutional claim because he couched the denial of a right to testify in terms of his ineffective assistance of counsel claim. It may not have been until the magistrate judge read Willis' claim broadly (and then dismissed it) that this claim even became apparent.

F.2d 990, 995 (5th Cir. 1992). The government concedes that it is attempting to affirmatively invoke the procedural bar for the first time on appeal. It asserts, however, that this is permissible because the magistrate judge, and the district court by adopting the magistrate's findings, raised the procedural bar *sua sponte*.

The issue of whether a magistrate judge or district court can invoke the procedural bar *sua sponte* in a § 2255 case is one of first impression in this Court. It is not an issue without guidance, however. In a proceeding involving a 28 U.S.C. § 2254 motion,[4] this Court stated that "a federal district court may, in the exercise of its discretion, raise a habeas petitioner's procedural default *sua sponte* and then apply that default as a bar to further litigation of petitioner's claims." *Magouirk v. Phillips*, 144 F.3d 348, 358 (5th Cir. 1998); *Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000) (raising the procedural bar in a § 2254 case *sua sponte* at the appellate level). When this Court is considering whether to apply the procedural bar *sua sponte* in the § 2254 context, we consider whether the petitioner has had a reasonable opportunity to argue against application of the bar, and whether the government intentionally waived the procedural bar defense. *Smith*, 216 F.3d at 524. Though § 2254 and § 2255 are

---

[4] § 2255 is the postconviction remedy for federal prisoners that is analogous to, but separate from, the longstanding federal habeas corpus remedy that was recodified in § 2254. *See* 2 James S. Liebman & Randy Hertz, *Federal Habeas Corpus Practice and Procedure* § 41.1, at 1561 (3d ed. 1998).

analogous, § 2255 does not include a statutorily imposed exhaustion of remedies requirement. However, we can easily extend our reasoning in *Magouirk* and *Smith* to § 2255 cases because, as we have already stated, the Supreme Court has engrafted a "procedural bar" into § 2255 to ensure that such proceedings will not develop into a substitute for direct appeals. *See Frady*, 456 U.S. at 167 (imposing the "cause and actual prejudice" standard on motions for collateral relief when no objection was made on direct appeal); *see also Reed v. Farley*, 512 U.S. 339, 354 (1994) (stating that "[w]here the petitioner - whether a state or federal prisoner - failed properly to raise his claim on direct review, the writ is available only if the petitioner establishes 'cause' for the waiver and shows 'actual prejudice . . ..'").

We find support for allowing district courts to *sua sponte* invoke the procedural bar in § 2255 cases in other circuits as well. Many of our sister courts have permitted the district courts to find that the § 2255 motions before them were procedurally barred, without the government raising the issue, or have even raised the bar themselves *sua sponte*. *See, e.g., Elzy v. United States*, 205 F.3d 882, 886 (6th Cir. 2000) (noting that it was proper to raise the default *sua sponte* at the appellate level in part because the procedural default was manifest in the record); *Rosario v. United States*, 164 F.3d 729, 732-33 (2d Cir. 1998) (raising the issue of the defendant's procedural default *sua sponte*

7

at the appellate level); ***Hines v. United States***, 971 F.2d 506, 508 (10th Cir. 1992) (allowing a district court to raise the procedural default in a § 2255 motion *sua sponte*, and analogizing it to § 2254's procedural default rule). Today we join our sister courts by extending the reasoning of our decisions in ***Magouirk*** and ***Smith***, and holding that a court may, *sua sponte*, invoke the procedural default rule as a bar to § 2255. As the court in ***Hines*** noted:

> The ***Frady*** defense to a § 2255 action, like the state procedural default defense to a § 2254 action, substantially implicates important concerns that transcend those of the parties to a case. The *Frady* defense is based upon concerns about finality, docket control, and judicial efficiency.

***Hines***, 971 F.2d at 508. We note, however, that though a court may invoke the procedural default *sua sponte*, it should not do so lightly. ***Rosario***, 164 F.3d at 733. As this Court stated in ***Smith***, when considering whether to apply the procedural default rule *sua sponte*, "[t]he relevant concerns are whether the petitioner has been given notice that procedural default will be an issue for consideration, whether the petitioner has had a reasonable opportunity to argue against application of the bar, and whether the State intentionally waived the defense." ***Smith***, 216 F.3d at 524.

With these concerns in mind, we turn to the present case. As was already noted, the magistrate's recommendation to the district judge raised the issue that the case was procedurally barred. In

8

his brief to the district court, Willis argued against the finding that his case failed on the merits but did not address the procedural default. The district court then adopted the magistrate's findings in full.[5] Willis also made no mention of the default in his brief to this Court, though this may have been due to the narrow issue on which the COA was granted. However, even if the COA did not give additional notice to Willis, the government wisely raised the issue in its brief to this court, thus giving Willis further notice that his case may have been barred. Willis still failed to even attempt to argue the procedural default issue in his reply brief. All of these factors combined lead us to the conclusion that: (1) Willis was provided ample notice that the procedural bar was an issue before the court by the magistrate's findings and by the government's brief that adopted the magistrate's argument; and (2) Willis was afforded a reasonable opportunity to argue against application of the bar in his objections to the magistrate's findings and in his reply brief to the government before this Court.[6] As was already noted, we do not

---

[5]     Though no mention was made specifically of the procedural bar, the district court stated in its order that it "concurs fully with the determinations of the memorandum and recommendation and hereby adopts it as its own."

[6]     We note here that these two concerns were satisfied due to the fact that the magistrate raised the issue and Willis then had an opportunity to argue against the magistrate's findings to the district court. Had the district court raised the issue *sua sponte*, and not the magistrate, then Willis would be entitled to have advance warning that the district court was considering dismissing the case on such grounds so that Willis could argue

believe the government intentionally waived this argument because it was not entirely clear from Willis' pleadings that he was even making out a claim that he was denied his right to testify on his own behalf. The government argued that the issue was procedurally barred at the first opportunity it had, once it realized the issue was being raised. It is therefore proper to invoke the procedural bar. As Willis has made no attempt to argue that there was "cause" for not raising the issue on direct appeal or that "actual prejudice" resulted from the errors for which he complains, we need not consider the issue any further. Willis' claim that he was denied his right to testify on his own behalf is procedurally barred.

The alleged ineffective assistance of counsel

In addition to raising a substantive right-to-testify claim, Willis alternatively casts the claim in the ineffective assistance of counsel framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).[7] Willis vaguely maintains that his counsel

the "cause and prejudice" prongs.

[7] We note that the procedural bar does not apply to claims that could not have been raised on direct appeal, such as ineffective assistance of counsel. *See, e.g., United States v. Marroquin*, 885 F.2d 1240, 1245-46 (5th Cir. 1989) (noting that a federal prisoner's double jeopardy challenge to multiple sentences would be more properly raised in a § 2255 motion than on direct appeal). *But see Amiel v. United States*, 209 F.3d 195, 198 (2d Cir. 2000) ("[A]bsent a showing of cause for the procedural default and actual prejudice, a defendant may not raise an ineffective assistance claim for the first time on collateral attack if the defendant had new counsel on direct

10

performed deficiently by failing to call him to testify with respect to alleged inconsistencies in investigators' hearing and trial testimony and that this failure prejudiced him. Willis asserts that, had he been allowed to testify, he might have been convicted of only possessing .41 grams of cocaine base instead of 12 grams.

When a defendant argues that his counsel interfered with his right to testify, "[t]he appropriate vehicle for such claims is a claim of ineffective assistance of counsel" under *Strickland*. *Sayre v. Anderson*, 238 F.3d 631, 634 & n.2 (5th Cir. 2001) (quoting *United States v. Brown*, 217 F.3d 247, 258-59 (5th Cir. 2000)). To prevail, a petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness, and that such deficient performance was prejudicial. *Strickland*, 466 U.S. at 687. When assessing whether an attorney's performance was deficient, the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Additionally, in order to show prejudice, a petitioner must demonstrate that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. "Thus, an analysis focusing solely on mere outcome determination, without attention to

appeal and the claim is based solely on the record developed at trial.").

11

whether the result of the proceeding was fundamentally unfair or reliable, is defective." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

The magistrate judge concluded that this particular ineffectiveness claim was meritless because allowing Willis to testify at trial would have permitted the government to cross-examine him about his drug-trafficking history. The magistrate judge also made the following findings: (1) Willis' counsel had objected strongly to the late production of a police report that altered the amount of cocaine admitted to by Willis; (2) Willis had made no showing that he could have offered credible testimony that would have compelled the trial court to suppress this report; and (3) the record showed that Willis' counsel extensively cross-examined the investigators at the pretrial hearing, and again at trial, with respect to whether Willis may have been intimidated in any way.

Willis has not convincingly argued that his testimony would have assisted him at either the pretrial hearing or at trial. According to Willis, he would have essentially engaged in a swearing contest with the investigating officers about what occurred at the post-arrest interview. Willis does not even address the viability of the countervailing tactical reasons that his counsel might have had for declining to call him to the stand, i.e., the government could have easily attacked Willis' credibility

12

by using his prior drug convictions.  *See* Fed. R. Evid. 609.

Willis has also failed to demonstrate prejudice.  Although he asserts that, had he testified at trial, he might have been convicted of only possessing .41 grams instead of 12 grams, he fails to acknowledge that at sentencing, a district court may consider relevant conduct, including "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G. § 1B1.3(a)(1)(B); *see also* ***United States v. Schorovsky***, 202 F.3d 727, 729 (5th Cir. 2000).  In other words, even if Willis had credibly testified regarding the quantity of drugs that were the subject of the post-arrest interview, the sentencing court could still have found that the 12 grams hidden in his companion's pants were attributable to Willis for sentencing purposes.  Willis has not demonstrated that he was prejudiced.

## CONCLUSION

Having carefully reviewed the record of this case and the parties' respective briefing and for the reasons set forth above, we conclude that the district court did not err in dismissing Willis' § 2255 motion.  Willis' claim that he was denied his right to testify on his own behalf is procedurally barred and his ineffective assistance of counsel claim is without merit.  We therefore AFFIRM the district court's decision.

**AFFIRMED.**

13