**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 15, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50571
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JON THOMAS YOUNG, SR., also known as Jon Young,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CV-344
USDC No. W-98-CR-102-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Jon Thomas Young Sr., Texas inmate # 82497-080, appeals the

denial of his 28 U.S.C. § 2255 motion following the grant of a

certificate of appealability on the issue whether the Government

breached the plea agreement.  Young is currently serving a 210-

month sentence for a conviction obtained on his guilty plea to a

--------------------

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

charge of distribution of amphetamine.  Young's motion for leave to file a reply brief out-of-time is GRANTED.

Young contends that the Government breached the plea agreement because it did not recommend that he receive a three-level credit for acceptance of responsibility and in fact, argued at sentencing against Young's receipt of such credit.  Young asserts that he pleaded based on the promise of a recommendation of credit for acceptance of responsibility, that the Government argued against the inducement for his plea, and that his guilty plea is invalid.

Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  An allegation of a breached plea agreement raises a constitutional issue that may be cognizable in a 28 U.S.C. § 2255 motion.  See United States v. Cates, 952 F.2d 149, 151 (5th Cir. 1992).

However, "a 'collateral challenge may not do service for an appeal.'"  United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).  A defendant who raises a constitutional or jurisdictional issue for the first time on collateral review must show "both 'cause' for his procedural default, and 'actual prejudice' resulting from the error."  Shaid, 937 F.2d at 232.  The 28 U.S.C. § 2255 cause and actual prejudice standard presents

a significantly higher hurdle than the plain error standard of review that is applied on direct appeal. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). The only exception to the cause and prejudice test is the "extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. Young has not asserted actual innocence.

The Government raised the procedural bar in the district court. See United States v. Drobny, 955 F.2d 990, 995 (5th Cir. 1992). Young therefore was provided notice of the procedural bar issue and a reasonable opportunity to argue against the bar in the district court. See United States v. Willis, 273 F.3d 592, 597 (5th Cir. 2001). Young has not asserted cause and prejudice for his procedural default and has not overcome the procedural bar. Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTION FOR LEAVE TO FILE REPLY BRIEF OUT-OF-TIME GRANTED.