United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 05-70035

———————————

ARNOLD PRIETO,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-01-CA-1145-OG)
--------------------

Before JONES, Chief Judge, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Arnold Prieto, who was convicted of capital murder and sentenced to death in Texas, has applied for a certificate of appealability ("COA") on two legal issues for which the district court denied him a COA. To put this application in perspective, we note that the district court did grant Prieto a COA on two other legal issues, but as those are not before us now, we do not address them at this juncture.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Prieto seeks a COA from this Court on two legal issues for which the district court denied him a COA: (1) Whether the State withheld exculpatory evidence that was material to Prieto's defense at the punishment phase of trial in violation of Brady v. Maryland[1]; and (2) whether Prieto was denied effective assistance of counsel at the punishment phase of trial because counsel failed to object to particular statements made by the prosecutor in closing argument.

"[A] state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. ... Before an appeal may be entertained, a prisoner who was denied habeas relief in the district court must first seek and obtain a COA from" the Court of Appeals.[2] A COA will issue only on a "substantial showing of the denial of a constitutional right."[3] That is, "a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"[4] "The COA determination under § 2253(c) requires an

---

[1] 373 U.S. 83 (1963).

[2] Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (citation omitted).

[3] Id. at 336 (citing 28 U.S.C. § 2253(c)).

[4] Id. (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)) (internal quotation and citation omitted).

overview of the claims in the habeas petition and a general assessment of their merits. ... This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it."[5]

As we conclude that the district court's disposition of Prieto's application for COA grounded in (1) a <u>Brady</u> claim and (2) alleged ineffectiveness of counsel for failing to contest specified statements of the prosecution, could not be the subject of debate among reasonable jurists, we deny COA on these two issues. In doing so, we adopt the fully-researched, well-reasoned and thoroughly written opinion of the district court with respect to the instant issues.[6]

Accordingly, Prieto's application for a COA on these two issues is

DENIED.

---

[5] <u>Id.</u>

[6] <u>See</u> Memorandum Opinion and Order Denying Relief at 105.