United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 31, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60318
Summary Calendar
_____

ROBERT L. LUCKETT,

Petitioner-Appellant,

versus

LAWRENCE KELLY, Superintendent,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CV-1631
--------------------

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Robert L. Luckett, Mississippi prisoner # R8311, was granted
a certificate of appealability (COA) on the issue whether he had
established a denial of due process arising from his allegations
of police extortion.  The parties were also ordered to brief
whether the claim was procedurally defaulted because Luckett
failed to exhaust his state remedies and, if so, whether Luckett
could establish a ground for excusing the default.  Luckett
argues that he is entitled to relief on the merits of his
extortion claim.  To the extent that Luckett attempts to argue

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other issues upon which COA was not granted, we lack the authority to review them.  See Lackey v. Johnson, 116 F.3d 149, 151-52 (5th Cir. 1997).

Luckett has not shown that he exhausted his extortion claim in the state courts, and the claim is thus procedurally defaulted.  See Emery v. Johnson, 139 F.3d 191, 195 (5th Cir. 1997).  Although he alleges that he advised his trial and appellate attorneys of the extortion and they failed to investigate or raise the claim on his behalf, Luckett has not established cause to overcome the procedural default.  See Murray v. Carrier, 477 U.S. 478, 489 (1986).  Additionally, Luckett has not established a fundamental miscarriage of justice sufficient to overcome the procedural default.  See Smith v. Johnson, 216 F.3d 521, 524 (5th Cir. 2000); Fairman v. Anderson, 188 F.3d 635, 644 (5th Cir. 1999).  Consequently, the judgment of the district court denying Luckett's 28 U.S.C. § 2254 petition is AFFIRMED.