IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2007

Charles R. Fulbruge III
Clerk

No. 06-30137
Summary Calendar

TERRY BAGNERIS

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CV-3256

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Bagneris, Louisiana prisoner # 152277, appeals the district court's dismissal of his 28 U.S.C. § 2254 application as a mixed application for failure to exhaust certain claims. This court granted Bagneris a certificate of appealability (COA) to appeal the exhaustion ruling and ordered the parties to brief whether any unexhausted claims were barred by the procedural default doctrine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In light of the state court records and the State's concessions in its brief, we conclude that Bagneris exhausted all claims raised in his federal § 2254 application with the exception of his claim that there was no probable cause to support his arrest. Accordingly, to the extent that the district court concluded that claims other than the probable cause claim were unexhausted, the court erred.

The sole unexhausted claim, the probable cause claim, is procedurally defaulted as it was denied by the state court on an adequate and independent state procedural ground, namely, Bagneris's failure to raise it on appeal. See LA. CODE CRIM. P. ART. 930.4. Thus, the claim is barred from federal review. See Hughes v. Johnson, 191 F.3d 607, 614 (5th Cir. 1999). Bagneris has failed to allege or demonstrate any cause and prejudice sufficient to overcome the procedural default.

As the remaining claims are exhausted, and as the sole unexhausted claim is procedurally barred, there is nothing for Bagneris to exhaust in state court. Accordingly, the dismissal of the petition as a mixed petition was in error. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). The State's reliance on Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997), which predates Rhines, is misplaced.

We do not reach the State's argument that Bagneris's claim regarding the multiple offender adjudication and sentencing is also procedurally defaulted. The COA order directed the parties to brief procedural default as to unexhausted claims only.

For the foregoing reasons, the judgment of the district court is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.