# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-40598
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

LARRY RICHARD SPYKES, also known as Boss Larry,

Defendant–Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-44-2

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Larry Richard Spykes, federal prisoner # 09291-078, was convicted of conspiring to manufacture, distribute, or possess with intent to manufacture, distribute, or dispense methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1); and possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g). After this court affirmed his conviction on appeal, Spykes filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court denied relief and declined to issue a certificate of appealability. This court, however, granted Spykes's request for a certificate of appealability on the issue of whether his counsel was ineffective for failing to allow Spykes to testify at his trial.

## I

We review the district court's findings of fact in a § 2255 proceeding for clear error.[1]  Questions of law are reviewed de novo.[2]

## II

When a defendant argues that his counsel failed to allow him to testify, "the appropriate vehicle for such claims is a claim of ineffective assistance of counsel under *Strickland v. Washington*."[3]  Under *Strickland*, a defendant must demonstrate that his counsel's performance was deficient and prejudiced the defense.[4]  To establish deficient performance, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."[5] There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[6]  To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

---

[1] *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

[2] *Id.*

[3] *Id.* at 598 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)) (internal quotation marks omitted).

[4] *Strickland*, 466 U.S. at 687.

[5] *Id.* at 688.

[6] *Id.* at 689.

[7] *Id.* at 694.

Spykes argues that this court should set aside the *Strickland* test for ineffective assistance of counsel and instead require the Government to prove that counsel's deficient performance was harmless beyond a reasonable doubt. Because Spykes's argument runs counter to established Fifth Circuit precedent, we decline to adopt such a test.[8]

Spykes further argues that if he had been allowed to testify, he would have been acquitted. Spykes states that had he been given the opportunity at trial, he would have been able to rebut testimony concerning the presence of large amounts of cash, drugs, and firearms in his vehicle. At the evidentiary hearing, the magistrate judge considered these arguments and concluded that, in light of the testimony and Spykes's demeanor during the hearing, there was not a reasonable probability that Spykes would have been found not guilty if he had testified at trial. We find no error in the magistrate judge's conclusions, and thus we hold that Spykes has failed to establish an ineffective assistance of counsel claim under *Strickland*. Therefore, we affirm the district court's judgment.

Spykes also filed a motion to substitute counsel or in the alternative to relieve counsel and proceed pro se on appeal. Spykes's request comes too late, however, because Spykes waited until after his appellate brief was filed to inform the court that he wished to substitute counsel or proceed pro se.[9]

*        *        *

For the foregoing reasons, we AFFIRM the district court's judgment. Spykes's motion to substitute counsel or in the alternative to relieve counsel and proceed pro se on appeal is DENIED.

---

[8] *See United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001).

[9] *See United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998).