**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 29, 2011

Lyle W. Cayce
Clerk

No. 10-60786
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TIMOTHY RUDOLPH DIAZ

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:09-CR-64-1

Before HIGGINBOTHAM, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Rudolph Diaz was convicted by a jury of one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He argues that the evidence was insufficient to sustain his conviction because the Government failed to establish the child pornography images moved in interstate commerce or were produced using materials that moved in interstate or foreign commerce. Diaz also argues that the district court erred in denying his motion to suppress

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence that law enforcement agents discovered after conducting a warrantless seizure of his computer.

Diaz did not preserve a challenge to the sufficiency of the evidence because he did not renew his motion for a judgment of acquittal at the close of all of the evidence.  Accordingly, review is limited to whether there has been a "manifest miscarriage of justice," which occurs when the record is devoid of evidence of guilt or if the evidence on a key element of the offense is so tenuous that a conviction would shock the conscience. *See United States v. Miller*, 576 F.3d 528, 529-30 & n.2 (5th Cir.), *cert. denied*, 130 S. Ct. 652 (2009); *United States v. Rodriguez-Martinez*, 480 F.3d 303, 307 (5th Cir. 2007).

To convict under § 2252(a)(4)(B), the Government must prove that the defendant possessed any visual depiction of child pornography that was transported using any means or facility of interstate or foreign commerce; was shipped or transported in or affecting interstate or foreign commerce; or was produced using materials that were transported using any means or facility of interstate or foreign commerce, including by computer.  The transportation-in-interstate-commerce element can be met by establishing that the defendant downloaded child pornography from the Internet. *See United States v. Runyan,* 290 F.3d 223, 239 (5th Cir. 2002).

The record contains evidence that the images found on Diaz's computer moved in interstate commerce or were produced using materials that moved in interstate commerce.  The Government adduced evidence that Diaz admitted that the images had been transmitted via the Internet and elicited testimony from a computer forensic analyst that the images bore specific indicia of having been downloaded from the Internet. *See Runyan,* 290 F.3d at 239; *United States v. Winkler*, 639 F.3d 692, 701 (5th Cir. 2011) .  The Government also presented evidence that the hard drive onto which Diaz downloaded the images was made in China, which is sufficient to establish that the images were produced using materials that moved in interstate commerce. *Id.*  Thus, because the record is

not devoid of evidence establishing the transportation-in-interstate commerce element, and that evidence is not so tenuous that a conviction would shock the conscience, Diaz has not shown that his conviction was supported by insufficient evidence. *See Miller*, 576 F.3d at 529-30 & n.2; *Rodriguez-Martinez*, 480 F.3d at 307.

Diaz's contention that the district court erroneously denied his motion to suppress also is unavailing. In reviewing the denial of a motion to suppress, the district court's factual findings are reviewed for clear error and its legal conclusions, are reviewed de novo. *United States v. Jacquinot*, 258 F.3d 423, 427-28 (5th Cir. 2001). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.* The evidence presented at a suppression hearing must be viewed in the light most favorable to the prevailing party, in this case, the Government. *Id.*

Here, the evidence adduced at the hearing on Diaz's motion to suppress demonstrated that Diaz's rights under the Fourth Amendment were not violated because there was probable cause and exigent circumstances that justified the warrantless seizure of Diaz's computer. *See United States v. Place*, 462 U.S. 696, 701 (1983) (noting that law enforcement authorities may conduct a warrantless seizure of property pending an issuance of a warrant if the seizure is justified by probable cause and exigent circumstances). The Government presented evidence that when law enforcement agents went to Diaz's residence to execute an arrest warrant on his brother, Michael Diaz (Michael), they were advised by Michael that he had viewed soft core child pornography on a computer owned by Diaz and located inside Diaz's home. When Diaz subsequently denied that he owned a computer, agents interpreted the conflicting statements as an indication that Diaz sought to conceal the child pornography that Michael admitted to viewing. After receiving permission from Diaz to enter the residence, agents observed Diaz attempting to conceal the computer that he previously denied having. Diaz ultimately conceded that the computer contained "all kinds of pornography."

Thus, under the circumstances, agents could have reasonably concluded that Diaz's computer contained images of child pornography. *See United States v. Daniel*, 982 F.2d 146, 151 (5th Cir. 1993) (noting that probable cause requires only a showing of the probability of criminal activity).

The evidence further supports that the seizure was justified by exigent circumstances. The agents' questions to Diaz about his ownership of a computer alerted him that they were aware of the existence of the computer and were interested in its contents. Diaz's subsequent behavior (e.g., attempting to cover the computer) suggested that he sought to hide illicit material on the computer and to prevent agents from viewing it. His admission that the computer contained pornography also suggested that he understood the specific contents in which the agents were interested. The evidence thus supported that Diaz was aware that agents were "on [the] trail" of his possession of child pornography and that he intended to prevent discovery of the pornography. *See United States v. Mata*, 517 F.3d 279, 287 (5th Cir. 2008).

Furthermore, the easily destructible nature of the evidence in which the agents were interested – i.e., digital images of child pornography – supports that agents could have reasonably concluded under the exigencies of the situation that the images would not have been protected from destruction while a warrant was prepared and obtained. *See id.* Because Diaz was not under arrest when agents located the computer, the agents justifiably could have reasoned that leaving the computer with Diaz would render the images subject to deletion and prevent agents from examining the computer in a controlled setting where proper forensic expertise and equipment would be available. Thus, because agents had probable cause to seize the computer and that the seizure was

justified by exigent circumstances, the district court did not err in denying Diaz's motion to suppress.[1]  *See Jacquinot*, 258 F.3d at 427-28.

AFFIRMED.

---

[1] The clerk received on July 5, 2011, a letter from Diaz requesting that his appointed counsel be relieved and that this court appoint substitute counsel to file a new appellate brief. However, Diaz's motion, which was filed almost four months after appointed counsel filed an appellate brief, is too late. *See United States v. Spykes*, 355 F. App'x 864, 865 & n.9 (5th Cir. 2009) (holding that defendant's motion to substitute counsel or in the alternative to relieve counsel and proceed pro se was untimely because motion was filed after appellate brief was filed) (citing *United States v. Wagner*, 158 F.3d 901, 902-03 (5th Cir. 1998)).  In any event, Diaz, who has no Sixth Amendment right to the counsel of his choice, *see Yohey v. Collins*, 985 F.2d 222, 228 (5th Cir. 1993), has not shown that substitute counsel either is necessitated by a conflict of interest or other most pressing circumstances or would be in the interest of justice. Fifth Circuit Plan Under the Criminal Justice Act, § 5(B); 18 U.S.C. § 3006A.  His conclusory assertions regarding counsel's failure to communicate about appellate issues are not sufficient to warrant counsel's removal and the appointment of substitute counsel. *See United States v. Trevino*, 992 F.2d 64, 65 (5th Cir. 1993) (finding no reason to accept counsel's assertion of conflict with client in the absence of evidence).  We therefore deny the motion.