**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 8, 2011

Lyle W. Cayce
Clerk

No. 10-30360

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JARROW ALLEN,

Defendant - Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CR-161-1

Before SMITH, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jarrow Allen, federal prisoner # 30200-034, challenges the denial of federal habeas relief. The district court held that Allen was procedurally barred from asserting that the government's factual basis was inadequate to support his firearm conviction. We AFFIRM.

STATEMENT OF FACTS

On July 12, 2007, Allen pled guilty to two counts of a six-count indictment: conspiracy to distribute and possess with intent to distribute more than 50

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

grams of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (count one); and possession of a firearm in furtherance of a drug-trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (count six).  Counts two through five were dismissed on the government's motion.

The government read into evidence the factual basis for the plea agreement, which was signed by Allen.  The factual basis stated that over a two-month period in early 2007, agents of the Drug Enforcement Administration (DEA) had purchased crack cocaine from Allen in three undercover drug transactions.  On May 3, 2007, agents arrested Allen in his apartment complex parking lot, immediately after he had sold crack cocaine to his cousin.  Allen's girlfriend consented to a search of their apartment.  Agents discovered approximately 50 grams of crack cocaine in a garbage bag, as well as a firearm "located near digital scales with cocaine residue on it, and a box of sandwich bags."

The guilty plea was accepted; a judgment of conviction was entered.  In November 2007, Allen was sentenced to the mandatory minimum of 120 months' imprisonment on the narcotics charge and 60 months' imprisonment on the firearm charge, to be served consecutively.  In early 2008, the district court reduced Allen's sentence by 24 months because of his substantial cooperation with the government.

In August 2008, proceeding *pro se*, Allen filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.  He claimed, in relevant part, ineffective assistance of counsel due to counsel's failure to file a motion to suppress evidence discovered during the search.  After appointment of counsel, Allen filed a memorandum in support of his Section 2255 motion and, for the first time, claimed that the factual basis for the guilty plea was inadequate to support the firearm conviction.  Because this claim was raised for the first time on collateral review, and the government raised a procedural-bar defense in district court, Allen was required to show "cause for his procedural default, and

2

actual prejudice resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (quotation marks and citation omitted).

The district court held an evidentiary hearing, at which Allen and four others testified. Two of the witnesses were DEA Agents involved in his arrest. Agent Ricky Jackson testified that the firearm was discovered, fully loaded with a round in the chamber ready to be fired, under a pillow in Allen's bedroom. He also testified that the scales were found on the kitchen counter, the counter was approximately five to ten steps from the bedroom, and Allen's apartment was very small. Agent James Sewell testified that the apartment was approximately 600 square feet.

In March 2010, the district court denied relief, ruling that counsel was not ineffective, and that although the factual basis was inadequate to support the firearm conviction, Allen was not prejudiced by counsel's failure to inform him of its deficient nature because he would have pled guilty regardless. It granted a certificate of appealability to determine if "the defendant had cause and prejudice for his failure to lodge a contemporaneous objection to the factual basis of Count 6 of the indictment, alleging a violation of 18 U.S.C. § 924(c)(1)."

## DISCUSSION

A defendant "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *Shaid*, 937 F.2d at 232 (quoting *United States v. Frady*, 456 U.S. 152, 168 (1982)). "This cause and actual prejudice standard presents a significantly higher hurdle than the plain error standard that we apply on direct appeal." *Id.* (quotation marks and citation omitted). Thus, to overcome the procedural bar to his factual-basis claim, Allen must show both cause for the procedural default and actual prejudice resulting from counsel's failure to inform him that the factual basis was inadequate.

For actual prejudice, a defendant must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have

insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In one precedent, we did not use the "reasonable probability" language. *See United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996). Despite that opinion, the *Hill* standard continues to be applied and is the relevant test in our circuit. *See United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000). Because Allen failed to show actual prejudice, we need not address whether he established cause. *Frady*, 456 U.S. at 168.

A district court's findings of fact in a Section 2255 proceeding are reviewed for clear error; questions of law are reviewed *de novo*. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir 2001). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Oliver*, 630 F.3d 397, 405 (5th Cir. 2011) (quotation marks and citation omitted). Thus, at issue is whether the district court clearly erred in finding not credible Allen's assertion that, had counsel advised him the factual basis was inadequate to support his firearm conviction, there was a reasonable probability he would not have pled guilty and would have insisted on going to trial.

Allen contends that the actual-prejudice standard turns on the likelihood of success at trial. He argues that mere presence of a firearm in the area where the criminal act occurred is insufficient to prove "possession in furtherance" of the drug-trafficking crime for purposes of Section 924(c)(1)(A). *United States v. Ceballos-Torres*, 218 F.3d 409, 414 (5th Cir. 2000). Rather, the possession must be shown to have in some manner advanced the offense. *Id.* In determining whether possession is "in furtherance" of the crime, we consider the type of drug activity, the type of firearm, the accessibility of the firearm, the proximity of the firearm to drugs or drug profits, whether the firearm was loaded, whether the firearm was stolen, whether the firearm was possessed legally or illegally, and the time and circumstances under which the firearm was found. *Id.* at 414-15.

Allen places too much emphasis on his potential for success at trial. The proper inquiry is whether he showed a reasonable probability that, but for

counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59. It could well be that the standard we are applying is somewhat easier to meet than the one he urges. Still, the district court found no such probability. Allen alleges the district court erroneously made the issue turn on whether there was substantial evidence supporting the firearm conviction. It is certainly true the district court found substantial evidence, but the court had already properly described the test as whether without counsel's ineffective assistance, Allen would not have pled guilty but would have gone to trial.

The district court did not clearly err in finding that evidence produced at the evidentiary hearing supported the firearm conviction. True, there was evidence by which the defense could have argued to jurors that the firearm should not be found to further the drug-trafficking crime. Because the apartment was quite small, the firearm as well as everything else unavoidably were near the drugs. The government could have shown that the firearm was loaded with a round in the chamber, and it was under his pillow at the time of the search when usually it was elsewhere in the apartment. That change in location would support an inference that the firearm had been moved in anticipation of the drug transaction. Thus even with a better understanding of what had to be proven, Allen faced the very real possibility of conviction.

Also supporting the finding that Allen would not have gone to trial is that he began cooperating with the government at the time of his arrest and continued to do so throughout his criminal proceedings. At the time of arrest, Allen agreed to speak with agents and provided them with his apartment number. While agents searched his apartment, Allen cooperated by disclosing the location of the crack cocaine and firearm. He continued to cooperate after his arrest. Because of his cooperation, the parties entered into a plea agreement in which the government agreed to request a dismissal of counts two through five in exchange for Allen's guilty plea on the two remaining counts.

The district court did not clearly err in finding that Allen failed to show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial.

AFFIRMED.