# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 31, 2012

Lyle W. Cayce
Clerk

No. 11-30246
Summary Calendar

STANLEY STIRGUS,

Petitioner-Appellant

v.

HOWARD PRINCE, WARDEN,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-374

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Stanley Stirgus, Louisiana prisoner # 489480, appeals the district court's denial of his 28 U.S.C. § 2254 petition, challenging his conviction and life sentence for second degree murder. We granted Stirgus a certificate of appealability (COA) to determine whether Stirgus is procedurally barred from raising his claim concerning re-amendment of the indictment if the state habeas court erred in applying its procedural rules.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although the state court refused to consider Stirgus's claim pursuant to an independant and adequate state procedural bar, *see Bagneris v. Cain*, 254 F. App'x 351, 352 (5th Cir. 2007) (per curiam), the district court refused to apply the bar after concluding that the state court failed to comply with another procedural rule and instead considered and rejected the merits of Stirgus's claim. We conclude that the district court erred in rejecting the procedural bar hence reaching the merits of Stirgus's claim because, factually and under Louisiana law, *State of ex. Rel. Rice v. State*, 749 So.2d 650 (La. 1999) (holding that language which "requires an inmate filing an application for post-conviction relief to 'explain why' he may have 'failed to raise [a particular] ground' in earlier proceedings" satisfies the requirements of La. Code Crim. Proc. art. 930.4(F)), Stirgus adequately was accorded the protections under Louisiana Code of Criminal Procedure article 930.4. *See Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) (holding that the district court erred in concluding that the state court improperly applied its procedural rules); *Walker v. Warden Louisiana State Penitentiary*, 19 F.3d 15, 1994 WL 93289, at *1 (5th Cir. 1994) (per curiam) (holding that it would be improper for a federal habeas court to second-guess the state court's compliance with its procedural rules).[1] Thus, absent a showing of either cause and prejudice or a fundamental miscarriage of justice, the state court's finding of procedural bar is conclusive. *See Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). Stirgus has not made the required showing.

Accordingly, the district court's denial of Stirgus's § 2254 petition is AFFIRMED. *See Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (holding that this court may affirm the district court's judgment on any basis supported by the record).

---

[1] In this circuit, unpublished opinions issued before January 1, 1996, are precedent. 5TH CIR. R. 47.5.3.