# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 19, 2014

Lyle W. Cayce
Clerk

No. 13-30081
Summary Calendar

DALLAS C. TAYLOR,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:11-CV-2036

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Dallas C. Taylor, Louisiana prisoner # 334258, was convicted by a jury of aggravated rape, armed robbery, possession of a firearm by a convicted felon, and aggravated burglary; he received a life sentence for the rape, concurrent terms of 12 years for the firearm possession and 15 years for the burglary, and a consecutive 30-year sentence for the armed robbery. The district court denied Taylor's 28 U.S.C. § 2254 petition challenging these convictions, concluding in relevant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

part that Taylor's challenges to the denial of his suppression motion and his allegations of prosecutorial misconduct during closing arguments were "unexhausted" because the state courts relied on an adequate and independent procedural ground to reject the claims. Taylor maintains that he exhausted his state remedies on this ground because he presented the allegations to the Louisiana Supreme Court. Contrary to the respondent's contentions, Taylor sought writs from the state appellate court and the Louisiana Supreme Court after the trial court rejected his first state postconviction application. *See State ex rel. Taylor v. State*, 67 So. 3d 1259, 1259 (La. 2011). Because he fairly presented the substance of his constitutional claims to the state's highest court, he did exhaust his state remedies. *See Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997); *see also Rocha v. Thaler*, 626 F.3d 815, 820 (5th Cir. 2010) (stating that a claim dismissed by the state's highest court on procedural grounds is procedurally defaulted rather than unexhausted).

The district court's decision also arguably gave rise to the conclusion that Taylor's claims were procedurally defaulted. Before this court, Taylor maintains that his first state postconviction application was timely, but he concedes that the State argued that the suppression-denial and prosecutorial-misconduct claims raised in that motion should have been raised on direct appeal. He does not argue that this does not constitute an adequate or independent state procedural bar that would preclude review of the merits of his claims. *See Fairman v. Anderson*, 188 F.3d 635, 641 (5th Cir. 1999). Additionally, he makes no showing of cause and prejudice overcoming the default, and he has not shown that a failure to consider his claims "will result in a fundamental miscarriage of justice" because he is actually innocent. *Smith v. Johnson*, 216 F.3d 521, 524 (5th Cir. 2000). Consequently, the judgment of the district court is AFFIRMED.