# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 19-10987
Summary Calendar

JULIAN TERENCE MARTIN, JR.,

*Petitioner—Appellant*,

*versus*

BOBBY LUMPKIN, *Director*, *Texas Department of Criminal Justice*, *Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-2226

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Julian Terence Martin, Jr., Texas prisoner # 2026170, appeals the dismissal of his 28 U.S.C. § 2254 application challenging his conviction for murder. He contends that the district court erred in determining that his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10987

claim challenging the trial court's failure to sua sponte conduct a competency hearing was unexhausted and procedurally barred. He asserts that he raised this claim to the Texas Court of Criminal Appeals prior to the final disposition of the state habeas application. Martin also argues cause and prejudice for the default, contending that the state appellate court should have raised the issue sua sponte on direct appeal during the independent review required by *Anders v. California*, 386 U.S. 738 (1967), and that procedural default does not apply to his claim.

Because he did not fairly present this claim to the highest state court, Martin did not exhaust this issue. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Martin's unexhausted claim would be procedurally barred by the state courts; therefore, the claim was procedurally defaulted. *See Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991); *see also Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). He has not shown cause and prejudice excusing his failure to exhaust or that the failure to consider his constitutional claim will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750.

The judgment of the district court is AFFIRMED.

2