# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 11, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51311
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

RALPH RAMIREZ

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas, San Antonio
No. 5:05-CR-247

Before KING, DAVIS, and CLEMENT, Circuit Judges..

PER CURIAM:[*]

Defendant-appellant Ralph Ramirez appeals his conviction, pursuant to a conditional guilty plea, on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). We affirm.

On April 8, 2005, Detective Johnny Gomez of the San Antonio, Texas, Police Department received a tip from a confidential informant who was in custody and facing criminal charges that Ramirez was in possession of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

methamphetamine at his residence. Detective Gomez prepared an affidavit, averring that the informant "had observed RALPH RAMIREZ in possession of METHAMPHETAMINE within the past FORTY-EIGHT HOURS at 223 W. SILVER SANDS #6 in San Antonio, Bexar County, Texas." The affidavit also stated that Detective Gomez had confirmed through a computer search that the address on Ramirez's drivers license matched the address given by the informant. Additionally, the affidavit set forth certain facts to support the informant's credibility: (1) based on Detective Gomez's conversations with the informant and his own knowledge of and experience with methamphetamine, the informant was familiar with methamphetamine (including how it looks and smells and how it is packaged, sold, and used); (2) a separate confidential informant had informed Detective Gomez that the primary informant was a seller of methamphetamine; (3) although the informant was facing criminal charges and provided the information with the expectation that his or her cooperation could, if proven valid, result in leniency, no officer had promised the informant anything in exchange for the information; (4) Detective Gomez had explained to the informant that it would jeopardize his or her opportunity for leniency if law enforcement were to discover that he or she had provided information in a bad-faith attempt to obtain leniency; and (5) Detective Gomez had explained to the informant that giving a false report to a police officer violated section 37.08 of the Texas Penal Code, and he described the possible penalties for such a violation.

Based on the affidavit, a city magistrate issued a search warrant for Ramirez's apartment. The next day, San Antonio Police Department officers, including Detective Gomez, performed a search of Ramirez's residence and seized, inter alia, 55.7 grams of methamphetamine.

The grand jury indicted Ramirez on one count of possession with intent to distribute five grams or more of methamphetamine in violation of 21 U.S.C. §

841(a)(1) and (b)(1)(B). Ramirez filed a motion to suppress the evidence seized during the search of his apartment, but the district court denied the motion. Pursuant to a plea agreement, Ramirez conditionally pleaded guilty, preserving his right to appeal the denial of his suppression motion.

On appeal, Ramirez contends that the district court should have granted his motion to suppress because there was not probable cause to support the warrant and because the affidavit used to secure the warrant was a "bare bones" affidavit, thereby making it objectively unreasonable for an officer executing the warrant to rely on it.

When reviewing a ruling on a motion to suppress, we review questions of law de novo and factual findings for clear error. United States v. Jones, 234 F.3d 234, 239 (5th Cir. 2000). We review de novo the reasonableness of an officer's reliance upon a warrant issued by a magistrate. United States v. Satterwhite, 980 F.2d 317, 321 (5th Cir. 1992). We view the evidence in the light most favorable to the party that prevailed in the district court. Jones, 234 F.3d at 239.

Where the challenged search was conducted pursuant to a warrant, we must determine "(1) whether the good-faith exception to the exclusionary rule applies; and (2) whether probable cause supported the warrant." United States v. Marmolejo, 86 F.3d 404, 417 (5th Cir. 1996). If the good-faith exception announced in United States v. Leon, 468 U.S. 897 (1984), applies, then "we need not reach the question of probable cause for the warrant unless it presents a 'novel question of law,' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" United States v. Payne, 341 F.3d 393, 399 (5th Cir. 2003) (citing United States v. Pena-Rodriguez, 110 F.3d 1120, 1129-30 (5th Cir. 1997)). As this case does not present a novel question of Fourth Amendment law, we will bypass the probable-cause determination and proceed to the application of the Leon good-faith exception.

"In considering whether the good-faith exception applies, we do not attempt an 'expedition into the minds of police officers' to determine their subjective belief regarding the validity of the warrant." Id. (quoting Leon, 468 U.S. at 922 n.23 (internal quotation marks omitted)). "Rather, our inquiry is 'confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.'" Id. (quoting Leon, 468 U.S. at 922 n.3). "Whether the exception applies will ordinarily depend on an examination of the affidavit by the reviewing court, but all of the circumstances surrounding issuance of the warrant may be considered." Id. (internal citations, brackets, and quotation marks omitted) (quoting United States v. Gant, 759 F.2d 484, 487-88 (5th Cir. 1985); Leon, 468 U.S. at 922 n.23).

"Under the good-faith exception, evidence obtained during the execution of a warrant later determined to be deficient is admissible nonetheless, so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." Id. (citing Leon, 468 U.S. at 921-25). One of the circumstances where an officer's reliance on a warrant is not objectively reasonable is where the affidavit used to secure the warrant is "bare bones," i.e., "the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 399-400 (quoting United States v. Webster, 960 F.2d 1301, 1307 n.4 (5th Cir. 1992)). "'Bare bones' affidavits typically 'contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause.'" United States v. Pope, 467 F.3d 912, 920 (5th Cir. 2006) (quoting Satterwhite, 980 F.2d at 321); see also Marmolejo, 86 F.3d at 417. "Generally, examples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or 'has received reliable information from a credible person and does believe' that contraband is located

on the premises." Id. (brackets omitted) (quoting United States v. Brown, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991)).

Ramirez first argues that the affidavit was deficient because the information within it was stale, as at the time it was completed it had been up to forty-eight hours since the informant had observed Ramirez in possession of methamphetamine. It is true that the passage of time may affect the probable cause inquiry. See United States v. Freeman, 685 F.2d 942, 951 (5th Cir. 1982) ("Although probable cause may exist at one point to believe that evidence will be found in a given place, the passage of time may (without additional newer facts confirming the location of the evidence sought) render the original information insufficient to establish probable cause at the later time."). But in granting the search warrant, the magistrate implicitly determined that the information in the affidavit was sufficiently recent to support probable cause. We are not persuaded that the passage of up to forty-eight hours in this case rendered the information in the affidavit so stale that the officers' reliance on the magistrate's probable-cause determination was objectively unreasonable.

Ramirez's remaining contentions relate to the confidential informant's credibility and reliability, or alleged lack thereof. He argues (1) that although Detective Gomez explained to the informant the possible penalties for making a false statement to a police officer, this did not enhance the informant's credibility because the informant was not notified that he faced a "real risk" of prosecution; (2) the informant's personal motivation for assisting the police cast doubt on the veracity of his tip; (3) the affidavit did not establish the credibility and reliability of the second informant, who had informed Detective Gomez that the primary informant was a seller of methamphetamine; and (4) the officers did not sufficiently corroborate the primary informant's tip.

We conclude, however, that there was sufficient evidence in the affidavit to objectively justify the officers' reliance on the magistrate's independent

probable-cause determination. The information set forth in the affidavit about Ramirez's possession of methamphetamine did not come from an anonymous tip; it was information that a known individual had provided. The affidavit recounted activities that the informant had witnessed himself or herself. The informant appeared to be knowledgeable about methamphetamine; indeed, Detective Gomez had information that the informant sold methamphetamine. The informant had been warned of the possible danger he or she might face if law enforcement discovered that the information was untrue. And Detective Gomez verified that the address given by the informant was Ramirez's. Regardless of whether all of this together actually amounts to probable cause to believe that Ramirez possessed methamphetamine at his home, it is beyond the realm of mere conclusory statements and is sufficient for a magistrate to make a probable-cause determination. Cf. Pope, 467 F.3d at 920 ("'Bare bones' affidavits typically 'contain wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause.'"). The affidavit was therefore not bare bones, and the officers' reliance on the magistrate's probable-cause determination was not objectively unreasonable. Consequently, the good-faith exception to the exclusionary rule applies, and the district court's denial of the motion to suppress was not erroneous.

AFFIRMED.