## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-50125

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EDUARDO BENAVIDES

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:06-CR-198-ALL

Before REAVLEY, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Eduardo Benavides appeals his conviction for possession of more than fifty grams of methamphetamine with the intent to distribute. Because we find no reversible error, we affirm the district court's judgment.

The central issue in this appeal is the admissibility of the methamphetamine police discovered when they searched Benavides's house. Benavides acknowledges the officers had a warrant, but he alleges two problems with the affidavit.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, he says the affidavit supporting the warrant lacked sufficient information to be reasonably relied upon under *United States v. Leon,* 468 U.S. 897, 922-23 (1984). The affidavit contained information that a confidential informant ("CI") had told the affiant, Detective Johnny Gomez, that he had seen methamphetamine in Benavides's house within the last forty-eight hours. Gomez also explained why he believed the CI. The CI demonstrated knowledge about methamphetamine, suggesting he would know how to identify the substance. Although the CI had no track record with Gomez, Gomez told him the consequences of making a false report to police. He also told the CI, who was facing charges, that lying in this case would jeopardize any chance he had at leniency. Lastly, Gomez confirmed that the CI could identify Benavides and that Benavides lived in the house the CI had indicated.

*Leon* allows officers to rely in good faith on a warrant, so long as the affidavit supporting the warrant is not "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *Id.* The quintessential "bare bones" affidavit is one that merely "contain[s] wholly conclusory statements [that] lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992); *see also United States v. Brown*, 941 F.2d 1300, 1303 n.1 (5th Cir. 1991) (giving as examples of bare bones affidavits ones where affiants simply "ha[ve] cause to suspect and do[] believe" or "have received reliable information from a credible person and do believe"). This warrant is considerably more thorough. Indeed, it is very similar to another affidavit Gomez provided that we approved in *United States v. Ramirez*, 247 F. App'x 515, 2007 WL 2695604 (5th Cir. 2007). The only difference between the two situations is that this CI hoped for leniency in exchange for his information. Although we have expressed concern about informants in this position, *see United States v. Martin*, 615 F.2d 318, 326 (5th Cir. 1980) ("Under

these circumstances, there exists a danger that the informant sought to implicate another in order to curry the favor of the police and perhaps gain immunity for himself . . . mak[ing] the statement less reliable."), we do not think that difference is enough to make reliance on the affidavit unreasonable.

Second, Benavides argues that he should have had access to the CI's identity to show that Gomez knowingly included a material false statement in his affidavit. Benavides's most plausible relevant argument is that the district court should have revisited the suppression issue *sua sponte* when it found out that the CI was the person Benavides contended was the CI at the suppression hearing. Benavides never asked the district court to revisit the suppression issue at trial; he asked only for the CI's name to be in the record for appellate review. Therefore, we review for plain error, which requires that we find an error that was plain and affected substantial rights. *United States v. Villegas*, 404 F.3d 355, 358 (5th Cir. 2005). If we do, we have discretion to reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 358-59. There were two judges who presided over the case, one handling pretrial motions and the other handling the trial. Benavides gives us no reason to suppose the trial judge knew about the issues in the suppression hearing, and the record suggests the judge did not. It is, therefore, difficult for us to understand why disclosure of the CI's name would have prompted the trial judge, on his own initiative, to reopen the suppression issue. Even if this was error, it was certainly not plain. It is even less clear that any error would have affected Benavides's substantial rights. At best, Benavides would have put the CI's unsworn statement to a defense investigator that he never told the police he saw drugs in Benavides's home against that of an experienced police detective, who said he did.

Benavides makes two objections regarding suppression for the first time on appeal that we review for plain error. *United States v. Baker*, 538 F.3d 324,

329 (5th Cir. 2008). First, he objects to several references during Gomez's testimony about his request for an attorney during the search, but the brief reference would not, as he argues, have caused a reasonable jury to infer guilt from his request for counsel. *See United States v. Shaw*, 701 F.2d 367, 381 (5th Cir. 1983). Second, he argues certain statements made after he requested an attorney should have been excluded, but those statements were spontaneous, not elicited by the officer. *See Rhode Island v. Innis*, 446 U.S. 291, 301 (1980).

Finally, Benavides argues that the district court should have held an evidentiary hearing to address his claims of ineffective assistance of counsel. He tells us that his appointed counsel should have raised unspecified suppression issues before Benavides dismissed him and the district court abused its discretion by denying a hearing. Benavides provides us with little detail about the claim the district court should have addressed, other than to indicate that his appointed counsel says he "dropped the ball." We evaluate ineffective assistance with a strong presumption of attorney competence. *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). A review of the record suggests that his appointed counsel's efforts were not constitutionally insufficient. To the contrary, it suggests that he tried to locate witnesses and develop successful suppression claims. Benavides also fails to show how he would have been prejudiced, and he did not make any such argument to the district court. Therefore, we cannot find that the district court abused its discretion.

For these reasons, the judgment of the district court is AFFIRMED.