**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2009

Charles R. Fulbruge III
Clerk

No. 07-10668
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LESTER HENRY ROBINSON

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-37
USDC No. 3:92-CR-365-27

Before REAVLEY, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[*]

Lester Robinson, federal prisoner # 23967-077, pleaded guilty in 1994 to conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. In 2006, the district court granted Robinson's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) lowering his original life sentence to a 400-month term of imprisonment. Robinson now appeals the district court's dismissal as successive of his 28 U.S.C. § 2255 motion. He asserts that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instant motion was not successive because it raised a challenge to the 2006 sentence under *United States v. Booker*, 543 U.S. 220 (2005).

To the extent that Robinson is challenging the fact that his sentence was enhanced based on facts not admitted by him or found by a jury, those factual findings were made by the district court in conjunction with the original sentencing, and those claims thus constitute a successive § 2255 challenge to the original criminal proceeding. *See United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000). In his objections to the magistrate judge's report, however, Robinson argued that the district court improperly applied the Guidelines in a mandatory fashion during the 2006 resentencing. As the Government concedes, this issue could not have been raised in conjunction with the original sentencing and it is thus not successive. Nevertheless, Robinson *could* have raised this claim in a direct appeal from his resentencing, but because but he did not do so the claim is procedurally barred from collateral review absent cause for the default and actual prejudice as a result. *See United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).

When the movant has been given notice of a procedural default and an opportunity to argue against the procedural bar, and the Government has not intentionally waived the bar, we may raise the issue *sua sponte*. *See Smith v. Johnson*, 216 F.3d 521, 523–24 (5th Cir. 2000). We therefore requested supplemental briefs on the procedural default issue from Robinson and the Government, and both parties have complied. As cause for failing to file a direct appeal from his resentencing, Robinson argues that he was resentenced in absentia, he lacked appointed counsel, he received the court's resentencing order over two weeks after it was entered, and the district court did not advise him of his right to appeal. To show cause for a procedural default, a movant must "show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (citation omitted). Robinson's allegations do not

establish "cause" for his procedural default, *see id.*, and we find no waiver of the procedural bar by the Government. Robinson was resentenced in January 2006, yet he did not even file the instant motion until nearly a year later in January 2007. Moreover, Robinson is also required to demonstrate actual prejudice by demonstrating "not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (internal quotation marks and citation omitted). Robinson does not even address, much less show, prejudice in his supplemental brief, and the issue is therefore waived. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Because Robinson fails to overcome the procedural bar, he is not entitled to relief even assuming *arguendo* that his claim is not successive.

AFFIRMED.