# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 15, 2011

No. 10-40326
Summary Calendar

Lyle W. Cayce
Clerk

WILLIS JOSEPH REED,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:06-CV-598

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Willis Joseph Reed, Texas prisoner # 1319595, appeals from the district court's denial of his 28 U.S.C. § 2254 application challenging his conviction for murder. This court granted a certificate of appealability on the issue whether the district court erred by dismissing Reed's sufficiency of the evidence claim when no copy of the state trial record is contained in the record.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Reed received sufficient notice that the issue of procedural default would be considered on appeal and had a reasonable opportunity to respond, and because the State did not intentionally waive its procedural defenses, we consider sua sponte whether Reed's sufficiency claim is procedurally defaulted. *See Smith v. Johnson*, 216 F.3d 521, 523-24 (5th Cir. 2000). As Reed raised his sufficiency claim only in his state habeas application, the Texas Court of Criminal Appeals's denial of his application was based on an independent and adequate Texas procedural ground such that his sufficiency claim is procedurally defaulted. *See Busby v. Dretke*, 359 F.3d 708, 718 (5th Cir. 2004); *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). We have fully considered, but find no merit in, Reed's reply argument that failing to consider his sufficiency claim on the merits would result in a fundamental miscarriage of justice because he is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 324, 327-28 (1995); *Smith*, 216 F.3d at 524.

AFFIRMED.