JENNIFER WALKER ELROD, Circuit Judge,
dissenting.
Following the Supreme Court’s guidance in Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 784-85, 178 L.Ed.2d 624 (2011), I would hold that the state habeas court adjudicated Robinson’s claim on the merits and would apply AEDPA deference to deny relief, as the state habeas court’s determination was neither “contrary to, [n]or involved an unreasonable application of, clearly established” Supreme Court precedent. 28 U.S.C. § 2254(d)(1). In the alternative, if the majority opinion is correct that the state habeas court denied Robinson’s claim because of a procedural default, we should address whether that same default bars his federal petition. Accordingly, I dissent.
*212 I.
The parties have assumed throughout this habeas case that Robinson’s claims would be, and were, adjudicated on the merits. Neither party briefed the procedural default issue before the state habeas court, and, upon denying relief, the state habeas court handwrote the following in its order:
Although the defendant conducted his own defense, appointed counsel was present during the proceedings. The issue of representation was not raised on appeal by appointed defense counsel.
Despite the order’s arguable ambiguity, this handwritten explanation refers to both a merits and a procedural adjudication of Robinson’s Sixth Amendment claim. Indeed, throughout all of the proceedings, the parties treated this order as adjudicating Robinson’s claim on the merits. Before the district court and our court, the parties briefed only the merits. They did not mention the possibility that the state court adjudicated Robinson’s claim under a procedural bar, nor did they discuss the standard that our court would use to determine whether his claim was adjudicated under a procedural bar.
The district court, adopting the magistrate judge’s report and recommendation, also did not address whether the state court may have adjudicated Robinson’s claim under a procedural bar. The district court determined that AEDPA applied to Robinson’s petition, analyzed the merits of his Sixth Amendment claim under AED-PA’s deferential standard of review, and denied relief.
Astonishingly, the majority opinion sua sponte raises the procedural bar issue for the first time on appeal and then incorrectly applies our three-part test used in Woodfox v. Cain, 772 F.3d 358, 371 (5th Cir.2014), to determine that the state ha-beas court rested its decision on a procedural bar. In so doing, the majority opinion ignores the presumption we are required to apply and misapplies the leading cases in our circuit on this issue.
Following Supreme Court precedent, we must presume a merits adjudication in three contexts. Harris v. Reed requires us to presume a merits adjudication where the basis of a state court’s order denying a federal claim is ambiguous. 489 U.S. 255, 263, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989) (requiring the state court to “clearly and expressly” state that it relied on a procedural bar) (internal quotation marks omitted). Richter instructs that “when a state court’s order is unaccompanied by an opinion explaining the reasons relief has been denied ... [the reviewing court] may[ ] presume[ ] that the state court adjudicated the claim on the merits.... ” 131 S.Ct. at 784-85 (citing Harris, 489 U.S. at 265, 109 S.Ct. 1038); accord Cullen v. Pinholster, - U.S. -, 131 S.Ct. 1388, 1402, 179 L.Ed.2d 557 (2011) (“[AEDPA deference] applies even where there has been a summary denial.”). And, in Johnson v. Williams, the Supreme Court extended the Richter presumption to cases in which the state habeas court addresses only some of a petitioner’s claims in its denial order without addressing the federal claim in question. — U.S. -, 133 S.Ct. 1088, 1091, 185 L.Ed.2d 105 (2013) (“[T]he federal habeas court must presume (subject to rebuttal) that the federal claim was adjudicated on the merits.”) (emphasis added).
Given that the order in this case refers to both merits-based and procedural reasons for denying relief, I would conclude that AEDPA deference applies. Where an order is ambiguous as to its reasons, Harris and Richter require us to presume a *213 merits-based adjudication,[1] and the parties bear the burden of rebutting that presumption by demonstrating that the state habeas court rested its decision on some other ground. Woodfox, 772 F.3d at 370-71. As explained in Woodfox, we apply a three-part test to determine whether a party has met his burden. Id. at 371. However, where the parties do not brief the presumption at all or discuss which grounds the state habeas court relied upon to deny relief, they cannot overcome it. Hoffman v. Cain, 752 F.3d 430, 436, 439 (5th Cir.2014).
In Hoffman, we observed that the presumption could be rebutted by the petitioner ‘“for the purpose of showing the claim should be considered ... de novo,’ ” or by the state “ ‘for the purpose of showing that the federal claim ... [w]as procedurally defaulted.’ ” 752 F.3d at 439 (quoting Johnson, 133 S.Ct. at 1096). But, because neither party briefed the-issue, we held, in light of the presumption, that the state habeas court adjudicated the petitioner’s claim on the merits, and we then applied AEDPA deference to our merits analysis. The majority opinion contends that Hoffman is “inapposite” because it involved a state court order that was silent as to the particular claim at issue rather than ambiguous. But this distinction makes no difference. • Under Richter and Harris, we must presume an adjudication on the merits in both scenarios. And, Hoffman holds that the parties cannot overcome that presumption if they never brief it or address the reasons why some other explanation is more likely. Because both Robinson and the state failed to brief the presumption in the instant case, we should hold, consistent with Hoffman, that the state habeas court’s order was an adjudication on the merits.
Instead, the majority opinion sua sponte applies our three-part test despite the parties’ fáilure to brief the issue. The majority opinion contends that regardless of the parties’ briefing, we have an independent duty to apply our three-part test and determine the state court’s basis for denying relief because we “must determine the appropriate standard of review.” Ante at 207. I agree that we, not the parties, ultimately decide whether AEDPA deference applies, but the Supreme Court has told us precisely how we are to go about making that determination — we must presume a merits adjudication and the parties bear the burden of overcoming it.[2] If the majority opinion insists that we apply the *214 three factors in this case to decide the basis of the state habeas court’s order, we should first request supplemental briefing on the issue to give the parties a chance to rebut the presumption. See infra at 215-16. In light of Richter, Harris, and Hoffman, I believe that the majority opinion’s analysis is erroneous.
Applying AEDPA’s deferential review, it is readily apparent that the state habeas court’s decision was neither “contrary to, [n]or involved an unreasonable application of, clearly established” Supreme Court precedent.[3] 28 U.S.C. § 2254(d)(1). The Supreme Court has not “prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel.” Iowa v. Tovar, 541 U.S. 77, 88, 124 S.Ct. 1379, 158 L.Ed.2d 209 (2004). It is enough “ ‘if the defendant fully understands the nature of the right [to counsel] and how it would likely apply in general in the circumstances — even though the defendant may not know the specific detailed consequences of invoking it.’ ” Tovar, 541 U.S. at 92, 124 S.Ct. 1379 (2004) (emphasis in original) (quoting United States v. Ruiz, 536 U.S. 622, 629, 122 S.Ct. 2450, 153 L.Ed.2d 586 (2002)). The fact that a defendant “lack[s] a full and complete appreciation of all of the consequences flowing from his waiver” is not enough to make the waiver constitutionally infirm. Patterson v. Illinois, 487 U.S. 285, 294, 108 S.Ct. 2389, 101 L.Ed.2d 261 (1988) (holding that Miranda warnings sufficiently informed a defendant who .waived his right to counsel during police questioning. Id. at 292, 108 S.Ct. 2389). What is necessary is that “the record affirmatively shows that [the defendant] was literate, competent, and understanding, and that he was voluntarily exercising his informed free will.” Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
The district court correctly adopted the magistrate judge’s report and recommendation, and concluded that Robinson’s waiver of trial counsel met these requirements. Robinson’s court-appointed counsel informed the state trial court that he “advised [Robinson] that the pretrial offer was in his best interest.... [and] that it is better to proceed with an attorney in this matter.” The state trial court independently questioned Robinson, informing him that he would have to know the rules of procedure and could not rely on stand-by counsel. It made sure that Robinson understood he had a right to counsel at all stages of the proceeding. In fact, Robinson exercised this right by accepting court-appointed counsel at the preliminary hearing, at the arraignment and plea, and at sentencing. However, he continued to assert that he wanted to represent himself at trial. Robinson explained that although he “could use [counsel] to represent [him],” he had a lot of questions he wanted to personally ask the witnesses. The state trial court inquired about Robinson’s educational and employment background and was satisfied to learn that he had finished the tenth grade and could read, write, and speak English. Given all of this, the state trial court concluded that Robinson had knowingly and intelligently waived his right to counsel. I agree with the district court that this was sufficient under Supreme Court precedent.
*215 II.
In the alternative, if the majority opinion is correct in its determination that the state habeas court’s decision is based on procedural default, the majority opinion should not ignore the procedural default in its review. The default may be an independent and adequate state ground for denying relief. Coleman v. Thompson, 501 U.S. 722, 730-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).
This is not a mere technicality. Comity and federalism demand that federal courts respect state procedural rules. Dretke v. Haley, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed.2d 659 (2004) (“The procedural default doctrine ... has its roots in the general principle that federal courts will not disturb state court judgments based on adequate and independent state law procedural grounds”). Accordingly, “when a state court decline[s] to address a prisoner’s federal [habeas] claims because the prisoner had failed to meet a state procedural requirement,” federal courts may not engage in habeas review. Coleman v. Thompson, 501 U.S. 722, 726, 729-30, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); see also Michigan v. Long, 463 U.S. 1032, 1040-41, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983); Nobles v. Johnson, 127 F.3d 409, 420 (5th Cir.1997). The procedural requirement involved here is precisely the kind of rule that has been held to bar our review.[4] See La.Code Crim. Proc. Ann. art. 930.4(C) (barring habeas review of claims that a petitioner failed to raise on direct appeal); Cone v. Bell, 556 U.S. 449, 465, 129 S.Ct. 1769, 173 L.Ed.2d 701 (2009) (holding that “[a] claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration”); Mathieu v. Tanner, No. 14-546, 2014 WL 5465854, at *11 (E.D.La. Oct. 28, 2014) (holding that 930.4(C) is an independent and adequate ground for barring federal review).
Although “procedural default ... is not a jurisdictional matter,” but a “defense that the State is obligated to raise and preserv[e] if it is not to lose the right to assert the defense thereafter,” Trest v. Cain, 522 U.S. 87, 89, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997) (internal quotation marks omitted) (alteration in original), we are not prevented from raising the issue sua sponte unless the state “knowingly and intelligently relinquishe[s]” the defense. Wood v. Milyard, — U.S. -, 132 S.Ct. 1826, 1832 n. 4, 1834, 182 L.Ed.2d 733 (2012). The Supreme Court distinguished between waiver and forfeiture in Wood to support its holding that forfeiture is insufficient to prevent a federal court from raising sua sponte a timeliness defense. Id. at 1833-34. The Court explained that because timeliness defenses, like exhaustion of state remedies defenses, are “founded on concerns broader than those of the parties,” namely comity and 'federalism, federal courts have discretion to raise them sua sponte. Id. at 1833. As explained above, the procedural defense at issue here is founded on those exact same *216 concerns of comity and federalism and thus requires knowing and intelligent waiver.
Here, the state merely forfeited the procedural defense. Therefore, we are permitted (but not required) to raise the defense sua sponte. Trest v. Cain, 522 U.S. 87, 89-90, 118 S.Ct. 478, 139 L.Ed.2d 444 (1997); see Smith v. Johnson, 216 F.3d 521, 523-24 (5th Cir.2000) (raising a procedural bar in a § 2254 case sua sponte at the appellate level); see also United States v. Willis, 273 F.3d 592, 596 (5th Cir.2001) (extending this reasoning to the § 2255 context); Reed v. Thaler, 428 Fed.Appx. 453, 454 (5th Cir.2011); United States v. McGrew, 397. Fed.Appx. 87, 91 (5th Cir.2010); United States v. Robinson, 323 Fed.Appx. 340, 341-42 (5th Cir.2009). There is no good reason not to raise the issue here, particularly given the federalism and comity concerns at stake if we ignore Louisiana’s procedural rules. This is especially appropriate here, where it is the majority opinion itself that has raised for the first time that the state habeas court’s order was based on a procedural bar and thus does not merit AEDPA deference.
Accordingly, the majority opinion should have given the parties an opportunity to consider whether that procedural default is a bar to this federal habeas proceeding. If it is true that the state habeas court procedurally barred Robinson’s petition, we should request supplemental briefing on the effect, if any, of the procedural bar.[5] For the foregoing reasons, I respectfully dissent.

. Alternatively, if the order is not ambiguous but instead indicates that the state habeas court relied on both grounds, AEDPA deference would still apply on federal review. Busby v. Dretke, 359 F.3d 708, 721 n. 14 (5th Cir.2004) ("[I]nvok[ing] a procedural bar as an alternative basis to deny relief does not deprive the state of the benefit of AEDPA’s deferential standard.” (emphasis added)). A majority of the other circuits have similarly held. See Brian R. Means, Federal Habeas Manual § 3:19; see, e.g., Rolan v. Coleman, 680 F.3d 311, 319 (3d Cir.2012); Hoffner v. Bradshaw, 622 F.3d 487, 505 (6th Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 2117, 179 L.Ed.2d 910, 2011 WL 743055 (U.S.2011); Stephens v. Branker, 570 F.3d 198, 208 (4th Cir.2009), cert. denied, 558 U.S. 1122, 130 S.Ct. 1073, 175 L.Ed.2d 901 (2010); Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir.2004); Crawford v. Head, 311 F.3d 1288, 1324 (11th Cir.2002); Johnson v. McKune, 288 F.3d 1187, 1192 (10th Cir.2002).

. The majority opinion pays lip service to Richter, noting that the presumption is overcome because there are sufficient reasons to the think a non-merits adjudication is more likely. But these reasons were never argued by either party. In addition, the handwritten order on its face suggests that the state habe-as court rested its decision both on the merits and a procedural default — a situation in which we have held that "AEDPA deference is still applicable.” Woodfox v. Cain, 609 F.3d 774, 795 n. 7 (5th Cir.2010).

. The majority opinion first unmoors itself from AEDPA deference, and then relies upon this circuit's cases requiring federal district courts to instruct defendants on the consequences of waiving their rights to counsel in direct criminal cases. Such reliance is improper given that AEDPA applies. Indeed, the Supreme Court has "emphasized, time and again, that [AEDPA] prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is ‘clearly established.' " Lopez v. Smith, - U.S. -, 135 S.Ct. 1, 1, 190 L.Ed.2d 1 (2014).

. The majority opinion contends that the procedural rule before us, art. 930.4(C) of the Louisiana Code of Criminal Procedure, may not "implicate the same comity concerns as, for instance, the requirement that a federal habeas petitioner first fairly present his claims to state courts.” For support, the majority opinion cites a Fifth Circuit case addressing a different subsection, art. 930.4(A). As explained above, art. 930.4(C) is precisely the kind of rule that implicates comity concerns — it bars claims not raised on direct appeal to the state court, and when applied, prevents the state court from addressing such claims on the merits. In contrast, art. 930.4(A) does not implicate these concerns because it only bars habeas claims that have already been fully litigated in state court on direct appeal.

. We have made similar requests in past ha-beas cases that might be procedurally barred. See, e.g., United States v. Robinson, 323 Fed.Appx. 340, 342 (5th Cir.2009).