# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 15, 2024

Lyle W. Cayce
Clerk

———————

No. 22-30659

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Meko R. Walker,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:22-CV-2011

_____

Before King, Jones, and Oldham, *Circuit Judges*.

Per Curiam:*

Meko Walker moved the district court to vacate his prison sentence under 28 U.S.C. § 2255 on the ground that his trial counsel was constitutionally defective. The district court denied Walker's motion. We AFFIRM.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30659

I.

On October 4, 2017, Thomas Goodin FedExed a package from California to Brittany Gix in Monroe, Louisiana. The package was wrapped in birthday paper. A drug dog flagged the package, so an officer obtained a warrant and searched it. The officer discovered roughly a pound of methamphetamine. Police set up a controlled delivery. On October 5 at about 3:40 PM, an officer dressed as a FedEx driver left the package on Gix's doorstep. Gix retrieved the package and took it into her apartment. Forty-five minutes later, Walker arrived at Gix's apartment, went inside, and reemerged holding the package. When Walker got into his car, officers arrested him.

Officers then questioned Gix and searched her phone and apartment. Gix told officers the package came from her uncle, Tyrone Johnson, and that it contained a present for his daughter. When officers asked Gix why her uncle would send a present to her instead of directly to his daughter, Gix said she was "really close" to her uncle and "would do anything for" him. In fact, the officers' search revealed the package came from Goodin and that Gix communicated extensively with Goodin about the package leading up to its delivery.

Walker, too, was in frequent communication with Goodin. On August 28, 2017, Goodin texted Walker his new phone number. Walker entered Goodin's number into his contacts under the name "Trouble." At 2:56 PM on the day of the delivery, Walker and Goodin spoke on the phone for almost five minutes. Eleven minutes later, Walker and Goodin spoke on the phone again, this time for a minute and a half. At 3:10 PM, Goodin texted Walker a picture of Goodin's FedEx shipment receipt, which contained Gix's address. The receipt also showed Goodin paid over $100 to ship the package. Goodin

2

No. 22-30659

called Walker again at 4:36 PM, but by that time Walker was already in police custody.

Several weeks later, Goodin was arrested by Monroe Police in an unrelated traffic stop. Goodin had additional birthday-wrapped packages containing methamphetamine in his car.

Gix and Walker were indicted on two counts related to the October 5 delivery incident: (1) conspiracy to distribute and to possess with intent to distribute methamphetamine and (2) attempted possession with intent to distribute methamphetamine. Goodin was indicted on the conspiracy count and on additional counts of possession with intent to distribute methamphetamine and PCP. The Government tried the defendants jointly, and a jury found all three guilty as charged. The district court sentenced Walker to 144 months of imprisonment.

Walker appealed. He contended the Government admitted insufficient evidence to prove he knew the package contained methamphetamine. We rejected Walker's argument and affirmed his conviction. *See United States v. Goodin*, 835 F. App'x 771, 777–79 (5th Cir. 2021).

Walker then filed a 28 U.S.C. § 2255 motion in the district court arguing his conviction should be vacated because his trial counsel was constitutionally defective. Specifically, Walker argued his counsel (1) failed to object to certain statements in the prosecutor's closing argument, (2) failed to advise Walker of his constitutional right to testify, and (3) failed to file a motion to sever Walker's trial from that of his co-conspirators. The district court rejected all three arguments without holding an evidentiary hearing, and it denied Walker a certificate of appealability ("COA").

Walker timely appealed the district court's order, and a judge of this court granted Walker a COA on his right-to-testify and motion-to-sever

No. 22-30659

arguments. We accordingly have jurisdiction to consider Walker's appeal. *See* 28 U.S.C. § 2253(c)(1)(B). Walker may appeal the district court's denial of his request for an evidentiary hearing as a "corollary" to his appeal of the district court's order denying him relief on his constitutional claim. *See United States v. Davis*, 971 F.3d 524, 534 (5th Cir. 2020) (citation omitted). We review the district court's denial of Walker's ineffective-assistance claim *de novo*, *United States v. Valdez*, 973 F.3d 396, 402 (5th Cir. 2020), and its denial of Walker's request for an evidentiary hearing for abuse of discretion, *United States v. Cavitt*, 550 F.3d 430, 435 (5th Cir. 2008).

## II.

## A.

Walker's ineffective-assistance claim is only viable if his counsel's allegedly deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).[1] To demonstrate prejudice, Walker must show a "substantial, not just conceivable," likelihood that the result of his trial would have been different absent his counsel's alleged errors. *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citation omitted); *see also id.* (noting a substantial likelihood is something short of, but quite close to, "more-probable-than-not"). The district court did not hold an evidentiary hearing on Walker's claim, so in evaluating prejudice "we take as true the sworn allegations of fact set forth in [Walker's motion] unless those allegations are merely conclusory, contradicted by the record, or inherently incredible." *Owens v. United States*, 483 F.3d 48, 57 (1st Cir. 2007) (citation

---

[1] Walker contends he need not demonstrate prejudice to succeed on his right-to-testify argument because counsel's interference with defendant's right to testify constitutes a structural error. That argument is foreclosed. *See, e.g.*, *United States v. Mullins*, 315 F.3d 449, 453, 456 (5th Cir. 2002).

omitted), *abrogated on other grounds by Weaver v. Massachusetts*, 582 U.S. 286 (2017).

Taking all Walker's sworn, plausible allegations as true, we (1) explain there is no substantial likelihood that counsel's alleged failure to inform Walker of his right to testify affected the result of Walker's trial. Then we (2) explain there is no substantial likelihood that counsel's failure to file a motion to sever affected the result of Walker's trial.

1.

Walker contends his counsel performed deficiently by failing to inform him he had a constitutional right to testify. And Walker contends he was prejudiced by that failure because, if his counsel had informed him of his right to testify, he would have testified, and it is "reasonably probable" that the jury would have believed his testimony. To substantiate this argument, Walker submitted an affidavit explaining he would have testified: that he had no communication with Goodin in the weeks leading up to October 5; that Goodin called him on October 5 to ask if he would pick up a birthday present from Gix and deliver it to his daughter; that he agreed; that Goodin texted him a picture of Goodin's FedEx shipment receipt, which contained Gix's address; that shortly after, Goodin texted him to ask if he received the address; and that he had no knowledge the package contained drugs until after he was arrested.

We accept as true Walker's assertion that his counsel failed to inform him he had a constitutional right to testify, and that Walker would have testified if his counsel had informed him of his right to do so. And we assume counsel's failure to inform Walker of his right to testify made counsel's trial performance constitutionally deficient. Even so, Walker's right-to-testify

argument fails because he cannot show a substantial likelihood that his testimony would have affected the result of his trial.[2] That is for two reasons.

First, if Walker had testified, he would have opened himself to impeachment by evidence of his past convictions for burglary, attempted theft by fraud, theft greater than $1,500, and possession of PCP. ROA.1380-81; *see* FED. R. EVID. 609(a). So "putting [Walker] on the stand probably would have done more harm than good." *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005); *see United States v. Mullins*, 315 F.3d 449, 456 (5th Cir. 2002) (finding no prejudice for denial of defendant's right to testify, in part because defendant's testimony would have allowed prosecution to introduce "his extensive criminal record and drug use . . . into evidence"); *United States v. Wines*, 691 F.3d 599, 605 (5th Cir. 2012) (similar).

Second, Walker's proposed testimony is not credible. Walker's affidavit is obviously self-serving. It also fails to make sense of the record. For example, the record reflects that Walker and Goodin spoke on the phone twice on October 5, but Walker's affidavit accounts for only one of those calls. Additionally, the first phone call lasted almost five minutes. It is difficult to see why it would have taken so long for Goodin to ask Walker to pick up a package from one location and deliver it to another. More fundamentally, Goodin texted Walker a picture of his FedEx receipt, which showed Goodin paid over $100 to overnight ship the package. Walker fails to explain why he was not suspicious that Goodin paid over $100 to overnight ship a birthday present. *Cf.* ROA.598; 611 (FedEx clerk testifying she was "kind of baffled" by Goodin's decision to pay "over $100" to overnight ship

---

[2] We need not accept Walker's conclusory assertion that there is a reasonable probability the jury would have believed his testimony. *See Owens*, 483 F.3d at 57–58. We are required to accept only (1) that Walker would have testified and (2) that his testimony would have included the factual assertions contained in his affidavit.

a gift). Walker similarly fails to explain why he was not suspicious that Goodin would ship his daughter's birthday present to someone other than his daughter. Further, Walker's affidavit suggests Goodin and Walker spoke just twice—both times apparently by happenstance—from the time Walker was released from prison on February 21, 2017, to the date of the incident on October 5, 2017. Walker's affidavit does not explain why, in light of their sparse and apparently unintentional communication, Goodin would ask him to serve as Goodin's courier.

On all these points Walker's testimony "would have been subject to vigorous and, in all likelihood, damaging cross-examination." *United States v. Araujo*, 77 F. App'x 276, 279 (5th Cir. 2003) (per curiam). Thus, we think it is highly improbable that Walker's incredible, self-serving testimony would have been persuasive to a jury. *See id.* (defendant not prejudiced by denial of right to testify where "aspects of [his] proposed testimony appear[ed] incredible").

In sum, Walker has failed to carry the "heavy burden" of demonstrating he was prejudiced by his counsel's alleged infringement of his right to testify because he has not shown a substantial likelihood that his testimony would have affected the result of his trial. *Wines*, 691 F.3d at 605. His right-to-testify argument accordingly fails.

2.

Walker next contends his counsel performed deficiently by failing to file a motion to sever his trial from Goodin's trial. And Walker contends he was prejudiced by this failure because if his counsel had filed a motion to sever, the district court may have granted the motion, which may have resulted in Goodin testifying on Walker's behalf, which may have resulted in Walker's acquittal. To substantiate this chain of maybes, Walker submitted an affidavit prepared by Goodin in which Goodin expressed: that he desired

to testify on Walker's behalf; that he would have testified he merely asked Walker to deliver a birthday present for his daughter, not to deliver methamphetamine; and that Walker had no knowledge there was methamphetamine in the package. Goodin did not testify in Walker's defense because Goodin's counsel told him any testimony he offered on Walker's behalf could harm his own defense.

Even assuming Walker's counsel was deficient for failing to file a motion to sever, Walker's argument fails because he cannot show a substantial likelihood that a motion to sever would have affected the result of his trial. That is because in all likelihood, the district court would have denied the motion.

"The federal judicial system evinces a preference for joint trials of defendants who are indicted together because joint trials promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *United States v. McRae*, 702 F.3d 806, 821 (5th Cir. 2012) (citation and quotation omitted). Accordingly, "[i]t is the rule" that persons indicted together are tried together. *Id.* That rule is "especially strong when the defendants are charged with committing the same conspiracy," as Walker and Goodin were. *United States v. Featherson*, 949 F.2d 770, 773 (5th Cir. 1991). So in a case like Walker's, "[s]everance is proper *only if* there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants[] or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir. 2007) (emphasis added) (quotation omitted).

Walker claims he was entitled to a severance because he desired to call Goodin, a co-defendant, as a witness on his behalf in accordance with his Sixth Amendment right to compulsory process. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have

compulsory process for obtaining witnesses in his favor."). Severances for that reason are allowed only if the defendant can show an "indication" that his co-conspirator would actually testify in the event of a severance. *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007).

Goodin's affidavit does not meet that standard. Goodin makes clear he feared self-incrimination. And Goodin faced the same self-incrimination risk with or without severance. Rather, on Goodin's own theory, he only would have testified on Walker's behalf if (1) the hypothetical severance was granted, (2) Goodin went to trial first, *and* (3) Goodin was convicted first.[3] That kind of conditional offer to testify does not require a severance. *See United States v. Broussard*, 80 F.3d 1025, 1038 (5th Cir. 1996) (collecting cases). And given the general rule for jointly trying co-conspirators like these, it is highly unlikely the district court would have granted a motion to sever on these facts. In fact, Gix *did* file a motion to sever—and the district court denied it. Why? Because it is "the rule . . . that persons indicted together should be tried together, especially in conspiracy cases," and "[h]aving one trial, (instead of two), would obviously be in the interest of judicial economy." ROA.1498–99.

Thus, Walker has failed to show a substantial likelihood that his counsel's failure to file a motion to sever affected the result of his trial because he has not shown a substantial likelihood that a motion to sever would have been granted. His motion-to-sever argument accordingly fails.

_____

[3] Goodin's affidavit contains no sworn assertion that Goodin would have made an unqualified offer to testify on Walker's behalf had Walker filed a motion to sever. So we are not required to assume Goodin would have made such an offer.

No. 22-30659

## B.

Finally, Walker argues the district court abused its discretion by denying his § 2255 motion without holding an evidentiary hearing. But a district court need not hold an evidentiary hearing on a prisoner's § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see, e.g.*, *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). As we have explained, the motion and the files and the records of Walker's case conclusively show Walker was not prejudiced by his counsel's allegedly deficient performance at trial. The district court accordingly did not abuse its discretion by denying Walker an evidentiary hearing.

AFFIRMED.